## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS AT KANSAS CITY

| | | |
|---|---|---|
| **MIA HERNANDEZ,** | ) | |
| Individually And On Behalf Of | ) | |
| All Others, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No.: 2:19-cv-2158 |
| vs. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **DOORDASH, INC.,** | ) | |
| **Registered Agent:** | ) | |
| **Registered Agent Solutions, Inc.** | ) | |
| **2101 SW 21st Street** | ) | |
| **Topeka, KS   66604** | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

**COMES NOW** the Plaintiff, Mia Hernandez, by and through her attorneys, and brings the following amended complaint against Defendant, Doordash, Inc., ("Defendant"), pursuant to the Fair Credit Reporting Act ("FCRA").

## PRELIMINARY STATEMENTS

1.  Plaintiff brings this action against Defendant for violations of the FCRA.

2.  Defendant obtained information concerning the Plaintiff from a third party.

3.  Defendant paid a fee to the third party for the information it obtained concerning the Plaintiff.

4.  The information obtained from the third party concerning the Plaintiff was a consumer report (as a consumer report is defined pursuant to the FCRA).

5.  Defendant relies on information in consumer reports to make decisions regarding prospective or current employees.

6.  Defendant relies on information in a consumer report, in whole or in part, as a

basis for adverse employment action; such as a refusal to hire and/or termination.

7.    Plaintiff asserts FCRA claims against Defendant on behalf of herself and a class of Defendant's employees and prospective employees whose rights under the FCRA were violated.

8.    On behalf of herself and all class members, Plaintiff seeks statutory damages, punitive damages, costs and attorneys fees, and all other relief available pursuant to the FCRA.

## PARTIES

9.    Plaintiff is a resident of Edwardsville, Kansas. Plaintiff is a member of the Putative Classes defined below.

10.    Defendant is a foreign company formed under the laws of Delaware doing business in Kansas and throughout the United States.

## JURISDICTION AND VENUE

11.    This court has jurisdiction over Plaintiff's FCRA claim pursuant to 28 U.S.C. § 1331.

12.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391. Plaintiff resides in Kansas, applied to work for Defendant in Kansas, and her claims arise, in substantial part, in Kansas. Defendant regularly conducts business in Kansas and is subject to personal jurisdiction in this district.

13.    Plaintiff desires the trial to be held in the District Court of Kansas at Kansas City.

## FACTUAL ALLEGATIONS

14.    Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

15.    Plaintiff applied online through Craigslist for employment with Defendant on or

about February, 2018.

16. Plaintiff received a text message from Defendant setting up a time for an Interview the same day as she applied online.

17. Plaintiff had an interview with Defendant in or about February 2018.

18. Plaintiff completed paperwork after the interview and received a uniform, badge and card.

19. Plaintiff was told that as soon as the consumer report was complete she could begin work.

20. Plaintiff never heard from the Defendant about her consumer report so she called Defendant

21. Plaintiff was told that due to information contained within her consumer report she was not being hired for the job.

22. Plaintiff did not receive a copy of her consumer report.

23. Following the Plaintiff's denial of employment her husband applied to work for the Defendant and was given an interview.

24. Plaintiff went with her husband to the interview.

25. When the Defendant called Plaintiff's husband's name he stood up and the Defendant saw the Plaintiff and told Plaintiff's husband that he could not work there either due to the Plaintiff's consumer report.

26. Denying the Plaintiff a job because of information in her consumer report is an adverse action (as an adverse action is defined pursuant to the FCRA).

27. Plaintiff was not provided with a reasonable amount of time to challenge or address the information in her consumer report.

28. Plaintiff was not provided with an FCRA summary of rights prior to the adverse action that was based on information in her consumer report.

29. Plaintiff did not fully understand her FCRA rights and did not know how or if she could properly challenge the adverse action.

30. Plaintiff has never received a copy of the consumer report relied upon by the Defendant.

31. Defendant's sudden denial of employment caused the Plaintiff to suffer stress, anxiety, lost compensation and lost opportunity.

32. Defendant's denial of employment prior to the receipt of the consumer report and the FCRA Summary of Rights left the Plaintiff confused regarding the ability to address any misleading information or inaccuracy in the consumer report.

33. Plaintiff may have been able to obtain employment if given the proper opportunity to address the information in the consumer report.

34. Defendant contracted with Checkr that it would provide a copy of the consumer report and a copy of the FCRA Summary of Rights before any adverse action was taken based in whole or in part on information contained within a consumer report.

35. The agreements made between the Defendant and the consumer reporting agency contain promises that require the Defendant to abide by the protections provided by 15 U.S.C. §1681b(b)(3).

## CLASS ACTION ALLEGATIONS

36. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

37. Plaintiff asserts the following proposed class defined as:

**ADVERSE ACTION CLASS:** All employees or prospective employees of Defendant that suffered an adverse employment action on or after March 20, 2017, that was based, in whole or in part, on information contained in a consumer report, and who were not provided a copy of such report, a reasonable notice period in which to challenge any inaccuracy in the consumer report, and/or a written description of their rights in accordance with the FCRA in advance of said adverse employment action.

## Numerosity

38.    The proposed class is so numerous that joinder of all class members is impracticable. Defendant regularly obtains and uses information in consumer reports to evaluate individuals for employment purposes. Defendant relies on the information contained it said consumer reports, in whole or in part, as a basis for adverse employment action. Given the nature of Defendant's business, Plaintiff believes that during the relevant time period, a sufficient number of individuals would fall within the definition of the class.

## Common Questions of Law and Fact

39.    Virtually all of the issues of law and fact in this class action or, to the class predominate over any questions affecting individual class members. Among the questions of law and fact common to the class are:

a.    Whether Defendant uses consumer report information to conduct adverse actions on employees and prospective employees;

b.    Whether Defendant violated the FCRA by taking adverse action against Plaintiff and other members of the Adverse Action class on the basis of information in a consumer report, without first providing a copy of the report to the affected individuals;

c.    Whether the Defendant violated the FCRA by failing to provide the Plaintiff and other members of the Adverse Action Class with a reasonable amount of time to explain the contents of the consume report or cure any inaccuracy within the consumer report prior to the adverse employment action;

d.  Whether Defendant's violations of the FCRA were willful;

e.  The proper measure of statutory damages and punitive damages.

**Typicality**

40.  Plaintiff's claims are typical of the members of the proposed class. The FCRA violations suffered by Plaintiff are typical of those suffered by other class members. Defendant obtains consumer reports on individuals before and/or without obtaining authorization. The FCRA violations suffered by Plaintiff are typical of those suffered by other class members and the Defendant treated Plaintiff consistent with other Putative Class members in accordance with its standard policies and practices.

**Adequacy of Representation**

41.  Plaintiff, as representative of the class, will fairly and adequately protect the interests of the class and has no interest that conflict with or are antagonistic to the interest of the class members. Plaintiff has retained attorneys competent and experienced in class action litigation. No conflict exists between Plaintiff and members of the class.

**Superiority**

42.  A class action is superior to any other available method for the fair and efficient adjudication this controversy, and common questions of law and fact overwhelmingly predominate over individual questions that may arise.

43.  This case is maintainable as a class action under Rule 23 of the Federal Rules of Civil Procedure because prosecution of actions by or against individual members of the putative class would result in inconsistent or varying adjudications and

create the risk of incompatible standards of conduct for Defendant. Further, adjudication of each individual class member's claim as a separate action will potentially be dispositive of the interest of other individuals not a party to such action, impeding their ability to protect their interests.

44.    This case is maintainable as a class action under Rule 23 of the Federal Rules of Civil Procedure because Defendant has acted or refused to act on grounds that apply generally to the class, so that any final relief is appropriate respecting the class as a whole.

45.    Class certification is also appropriate under Rule 23 of the Federal Rules of Civil Procedure because questions of law and fact common to the putative class predominate over any questions affecting only individual members of the putative class, and because a class action superior to other methods for the fair and efficient adjudication of this litigation. Defendant's conduct described in this Complaint stems from common and uniform policies and practices, resulting in common violations of the FCRA. Members of the Putative Class do not have an interest in pursuing separate actions against the Defendant, as the amount of each class member's individual claims is small compared to the expense and burden of individual prosecution. Class certification also will obviate the need for unduly duplicative litigation that might result the inconsistent judgments concerning Defendant's practices. Moreover, management of this action as a class action will not present any likely difficulties. In the interests of justice and judicial efficiencies, it would be desirable to concentrate the litigation of all putative class members' claims in a single forum.

46.   Plaintiff intends to send notice to all members of the putative class to the extent required by Rule 23 of the Federal Rules of Civil Procedure. The names and address of the potential class members are available from Defendant's records.

## FCRA VIOLATIONS

47.   Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

48.   Defendant obtained a "consumer report," as defined by the FCRA, concerning the Plaintiff.

49.   Defendant used a consumer report, as defined by the FCRA, to take adverse employment action against the Plaintiff, and on information and belief, other members of the adverse action class.

50.   Defendant violated the FCRA by failing to provide Plaintiff, and other adverse action class members, with a copy of the consumer report that was used to take adverse employment action against them prior to the adverse action.

51.   Defendant violated the FCRA by failing to provide the Plaintiff and other adverse action class members with a reasonable time to explain the contents of the consumer report or cure any inaccuracies within the consumer reports prior to the adverse action.

52.   Had Defendant complied with the FCRA, Plaintiff would have been given a copy of the Summary of Rights.

53.   Had Defendant complied with the FCRA, Plaintiff would have been given more time to review, dispute and/or address the information contained in the consumer report.

54.    Plaintiff was not provided with a reasonable amount of time to challenge any inaccuracy that was present within the consumer report before being denied employment.

55.    Plaintiff was not provided with a FCRA Summary of Rights prior to the adverse action that was based in whole or in part upon the consumer report.

56.    The Defendant's failure to provide the Plaintiff a copy of the consumer report or the FCRA Summary of Rights denied the Plaintiff a meaningful opportunity to address the information contained within the consumer report.

57.    Being provided a copy of the consumer report before termination, in compliance with the FCRA, would have helped the Plaintiff understand what information the Defendant was using against his.

58.    A copy of the Summary of Rights before denied employment would have helped the Plaintiff understand what his rights were and would have provided valuable information that may have assisted the Plaintiff in maintaining employment.

59.    Defendant's failure to comply with the unambiguous mandates of the FCRA injured the Plaintiff.

60.    The foregoing violations were willful. Defendant acted in deliberate or reckless disregard of its obligations and rights of Plaintiff and other individuals under the provisions of the FCRA. Defendant's willful conduct is reflected by, among other things, the following facts:

    a.    Defendant has access to legal advice through outside employment counsel;

    b.    Defendant committed multiple violations of the FCRA by not obtaining authorization to procure a consumer report;

    c.    The Defendant has ignored regulatory guidance from FTC Informal Staff

Opinions and the unambiguous language of the FCRA; and

d.  15 U.S.C. §1681-1681y, requires credit agencies to provide notice to users of consumer reports of the users legal obligations under the FCRA prior to the procurement of consumer reports.

61.  Plaintiff and the proposed class members are entitled to statutory damages of not less than $100 and not more than $1000 for each and every one of these violations, pursuant to 15 U.S.C. §1681n(a)(1)(A).

62.  Plaintiff and the proposed class members are also entitled to punitive damages for these violations, pursuant to 15 U.S.C. §1681n(a)(2).

63.  Plaintiff and the proposed class members are further entitled to recover their costs and attorneys' fees, pursuant to 15 U.S.C. §1681n(a)(3).

**WHEREFORE,** the Plaintiff respectfully requests that this Court issue an Order for the following:

a.  Order finding that Defendant committed violations of the FCRA;

b.  Order finding that Defendant acted willfully in deliberate or reckless disregard of Plaintiff's rights and its obligations of the FCRA;

c.  Order awarding statutory damages and punitive damages as provided the FCRA;

d.  Order awarding reasonable attorneys' fees and costs as provided by the FCRA;

e.  Order granting other and further relief, in law or equity, as this Court may deem appropriate and just.

## Demand for Jury Trial

Plaintiff hereby demands a jury trial on all causes of action and claims with

respect to which Plaintiff and all members of the proposed class have a right to jury trial.

Respectfully submitted,

By: /s/ C. Jason Brown
Charles Jason Brown KS 70700
Jayson A. Watkins KS 78463
Brown & Watkins LLC
301 S. US 169 Hwy
Gower Missouri 64454
Tel: 816-505-4529
Fax: 816-424-1337
brown@brownandwatkins.com
watkins@brownandwatkins.com
ATTORNEY FOR PLAINTIFF